UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TIMOTHY E. NATION,

    Petitioner,

v.

STATE OF WASHINGTON, COUNTY OF BENTON, SUPERIOR COURT,

    Respondent.

No. 4:18-CV-05177-SMJ

**ORDER DISMISSING PETITION**

Before the Court is Petitioner's single-page document titled, "Motion & Order for Habeas Corpus," construed as a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody. The filing fee was paid on November 19, 2018, and the petition was filed. ECF No. 3. Petitioner asks this Court to intervene in pending state court criminal proceedings and direct his release from incarceration at the Benton County Jail on his own recognizance.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state

ORDER DISMISSING PETITION - 1

courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining exhaustion includes presentation of each claim to the state's highest court); *accord James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993). It does not appear that Petitioner fully exhausted his state court remedies before filing this habeas petition.

## *YOUNGER* ABSTENTION

The *Younger* abstention doctrine forbids federal courts from enjoining pending state criminal proceedings absent extraordinary circumstances that create a threat of irreparable injury. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971); *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992). "*Younger* generally directs a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997). "When a case falls within the proscription of *Younger*, a district court must dismiss the federal action." *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1081 (9th Cir. 1987); *see Kenneally*, 967 F.2d at 331.

"A district court should abstain under *Younger* when: (1) there are ongoing

state judicial proceedings; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims." *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003). Every prong of the *Younger* abstention doctrine favors abstention here.

Petitioner indicates there are ongoing state criminal proceedings that are a matter of state interest. He may present claims of excessive bail in those proceedings. *See Lazarus v. Baca*, 389 F. App'x 700, 701 (9th Cir. 2010) (citing cases mandating *Younger* abstention to claims of excessive bail during ongoing state criminal proceedings). Petitioner has the opportunity and means to challenge the fairness of his criminal proceedings in the state appellate system, and through subsequent state and federal habeas corpus proceedings if necessary.

Petitioner presents no facts showing bad faith, harassment, or some other extraordinary circumstance warranting federal intervention. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971) ("[O]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Consequently, the Court finds that abstention is warranted under *Younger*.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Petitioner's § 2254 habeas corpus petition, **ECF No. 3**, is **DISMISSED**

ORDER DISMISSING PETITION - 3

**WITHOUT PREJUDICE** to Petitioner pursuing available state court remedies.

2. The Clerk's Office is directed to **ENTER JUDGMENT** for Respondent and **CLOSE** this file.

3. The Court certifies that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to *pro se* Petitioner.

**DATED** this 29th day of November 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING PETITION - 4